UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT M. WEICHERT,

                        **Plaintiff**

                        v.                              5:05-CV-907
                                                       (FJS/GHL)

SHAMY TOMMIE, individually and d/b/a
TOMAHAWK FIBERGLASS REPAIR a/k/a/
TOMA HAWK MARINE REPAIR,

                        **Defendant.**
_____

**APPEARANCES**                               **OF COUNSEL**

**ROBERT M. WEICHERT**
46 Oswego Street
Baldwinsville, New York 13027
Plaintiff *pro se*

**DREYER BOYAJIAN LLP**             **CHRISTOPHER A. AMATO, ESQ.**
75 Columbia Street                        **JOHN B. CASEY, ESQ.**
Albany, New York 12210
Attorneys for Defendant

**SCULLIN, Senior Judge**

### ORDER

       Currently before the Court is Defendant's motion to dismiss Plaintiff's claim for lack of subject-matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which the Court can grant relief.

       Plaintiff claims that he entered into a contract with Defendant, pursuant to which Defendant would construct and install a "hardtop" for Plaintiff's Sea Ray boat in exchange for $6,500. The agreement was memorialized in a written "Repair Order" dated April 16, 2004. At

that time, Plaintiff gave Defendant a deposit check for $2,000. However, on June 7, 2005, Defendant purported to cancel the contract as impossible to perform by sending Plaintiff a check for $2,140, accounting for Plaintiff's deposit plus interest. On July 21, 2005, Plaintiff filed the present Complaint against Defendant for breach-of-contract, requesting specific performance or monetary damages of $75,000.

In his Answer, Defendant asserted that the Court does not have subject-matter jurisdiction over Plaintiff's claim because Plaintiff cannot satisfy the amount in controversy requirement of $75,000 for diversity jurisdiction. Since the disputed contract was valued at $6,500, Magistrate Judge Lowe ordered Plaintiff to produce copies of estimates for construction of the "hardtop" by October 15, 2005. *See* Magistrate Judge Lowe's September 28, 2005 Uniform Pretrial Scheduling Order at 2. However, Plaintiff has not provided any estimates.[1]

Federal courts have diversity jurisdiction when the dispute is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The amount in controversy that the plaintiff pleads controls if it appears to be in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnotes omitted). However, if it appears to a legal certainty that the amount in dispute is really less than the jurisdictional requirement, dismissal is justified. *See id.* at 289 (footnote omitted). When a party challenges the amount in controversy, the proponent of jurisdiction has the burden to establish that the amount in controversy requirement has been met by a "'reasonable probability'" or

---

[1] Plaintiff requests that the Court recuse itself from this case. Plaintiff's request appears to be entirely without merit; furthermore, at this early stage of the proceedings, the Court is merely considering jurisdictional issues. Therefore, the Court **DENIES** Plaintiff's request for recusal.

-2-

"'preponderance of evidence.'" *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1421 (2d Cir. 1997) (quotations omitted); *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939). Moreover, when the proponent's good faith is questioned, the court must offer an opportunity to present evidence on the issue. *See Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996); *see also Gibbs*, 307 U.S. at 72 ("If there were any doubt of the good faith of the allegations, the court might have called for their justification by evidence." (footnote omitted)).

Based on the complaint, it appeared legally certain that the amount in controversy was a maximum of $6,500 – the value of the contract between Plaintiff and Defendant. Since this amount falls far below the jurisdictional requirement, Magistrate Judge Lowe provided Plaintiff with an opportunity to establish his good faith in pleading the amount in controversy by ordering him to provide estimates for construction of the "hardtop." However, Plaintiff did not comply, produced no estimates, and relied on his allegations alone. Despite the opportunity that Magistrate Judge Lowe provided, Plaintiff presented no evidence to establish by a reasonable probability or preponderance of evidence that his claim satisfies the amount in controversy requirement. Therefore, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claim because the Court lacks subject-matter jurisdiction.

Alternatively, Defendant contends that this Court does not have personal jurisdiction over him. In determining whether personal jurisdiction is authorized, a court must consider (1) the long-arm statute of the forum state and (2) due process requirements. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (citation omitted). When the court makes this determination on the pleadings alone without an evidentiary hearing, the plaintiff has the burden

to make a mere *prima facie* showing of personal jurisdiction. *See Cutco Indus., Inc. v. Naughton*, 806 F.2d 361, 364 (2d Cir. 1986) (citation omitted).

>The New York long-arm statute authorizes jurisdiction when a non-domiciliary
>
>>(1) transacts any business within the state or contracts anywhere to supply goods or services in the state;
>>
>>(2) commits a tortious act within the state, except for defamation;
>>
>>(3) commits a tortious act outside the state causing injury to person or property within the state, except for defamation; or
>>
>>(4) owns, uses, or possesses any real property situated within the state.

*See* N.Y. C.P.L.R. § 302(a).

Even when viewing the allegations in the light most favorable to Plaintiff and according him the beneficial treatment afforded to *pro se* litigants, Plaintiff has failed to allege any facts that would bring Defendant within the reach of New York's long-arm statute. Absent Plaintiff's ability to establish a *prima facie* case of personal jurisdiction, the Court is left to consider only Defendant's assertions that he does not transact any business in New York, has never contracted to supply goods or services in New York, and does not possess any real property in New York. Consequently, it appears that this case involves a contract formed in Florida and that Defendant, who conducted his business entirely in Florida, was to perform the contract in Florida. Under New York law, long-arm jurisdiction does not exist for Plaintiff's claim.[2] Therefore, as an

---

[2] Moreover, general jurisdiction due to Defendant's "doing business" in New York by
(continued...)

alternative, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claim because the Court lacks personal jurisdiction over Defendant.

Accordingly, having reviewed the parties' submissions in support of, and in opposition to, Defendant's motion, the Court hereby

**ORDERS** that Plaintiff's request for recusal is **DENIED**; and the Court further

**ORDERS** that this action is **DISMISSED** due to lack of subject-matter and personal jurisdiction; and the Court further

**ORDERS** that the Clerk of the Court enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: December 21, 2006
Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[2](...continued)
engaging in "'continuous, permanent, and substantial activity in New York'" does not exist. *See Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000) (quotation omitted).